## AUSTIN D. NORTON v. PATRICK L. CONNOLLY AND OTHERS.[1]

October 27, 1944.

No. 33,738.

[1]Reported in 16 N. W. (2d) 170.

*Maugridge S. Robb,* for appellant.

*Faegre & Benson, Paul J. McGough,* and *Wellington Tully,* for respondents.

STREISSGUTH, JUSTICE.

Shortly after noon on April 2, 1942, defendant Keough, a trucker employed by defendants Connolly, backed a tractor-trailer loaded with salvaged paper against a platform at the mill of the B. F. Nelson Manufacturing Company in northeast Minneapolis. He then unhitched the trailer, set its brakes, and drove off with the tractor unit to have lunch. No one else was in the vicinity at the time. About 12:30, decedent, John Dahl, a carpenter employed by the Engstrom Construction Company, together with a fellow carpenter and a carpenter's helper, came to the platform for the purpose of affixing an angle iron to one of its corners. The trailer, which had been unloaded by mill employes in the interim, was still backed against the platform and interfered with the work of the carpenters. They called the mill foreman in charge of loading and asked him to move the trailer. He released the brakes and, by the combined efforts of the foreman, the carpenters, and two other men, the trailer was moved ahead about three feet, allowing sufficient room for the carpenters to work in front of the platform. The brakes were then reset, and the carpenters proceeded with their work, Dahl and his helper taking standing positions in the space between the platform and the rear of the truck. No precautions of any kind were taken to warn Keough, upon his return, of the dangerous rearrangement so made.

About 1:15, Keough returned to the scene to pick up the trailer, unaware of the fact that it had been moved ahead during his short absence. In approaching the loading platform, he drove directly behind another heavy truck down a steep driveway at right angles

to the parked trailer and did not observe the presence of the carpenters behind the trailer, their position being at least partially hidden by bales of paper piled along the side of the driveway. He swung his tractor ahead of the trailer and then, in the process of hitching the two vehicles together, backed into the trailer, causing it to move backward. Dahl was thereby caught between the platform and trailer and suffered fatal injuries. While backing his tractor into the trailer, Keough concentrated his attention upon that operation, making his observations through the rear window rather than the left window of the truck.

These are the basic facts, which, in the interest of brevity, we have not elaborated upon. They amply sustain the verdict for defendants upon the ground of want of negligence on Keough's part, as well as upon the ground of contributory negligence on decedent's part. No other questions being presented, an affirmance necessarily follows.

So ordered.